1 EDMUND G. BROWN JR.
  Attorney General of the State of California
2 DANE R. GILLETTE
  Chief Assistant Attorney General
3 JULIE L. GARLAND
  Senior Assistant Attorney General
4 ANYA M. BINSACCA
  Supervising Deputy Attorney General
5 STACEY D. SCHESSER, State Bar No. 245735
  Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA 94102-7004
7   Telephone: (415) 703-5774
    Fax: (415) 703-5843
8   Email: Stacey.Schesser@doj.ca.gov

9 Attorneys for Respondent Warden Ben Curry

10

11              IN THE UNITED STATES DISTRICT COURT

12            FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                       OAKLAND DIVISION

14

| | |
|---|---|
| 15 KENNETH DONALD McCURDY, | CV07-05084 CW |
| 16　　　　　　　　　　Petitioner, | **NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF** |
| 17　　　　v. | **POINTS AND AUTHORITIES** |
| 18 BEN CURRY, Warden, et al., | Judge: The Honorable Claudia Wilken |
| 19　　　　　　　　　　Respondent. | |

20

21    TO PETITIONER KENNETH MCCURDY, IN PRO PER:

22    PLEASE TAKE NOTICE that pursuant to 28 U.S.C. § 2254 and Rule 4 of the Rules

23 Governing § 2254 Cases in the United States District Courts, Respondent B. Curry, Warden of

24 Correctional Training Facility, moves the Court for an order dismissing the above-entitled action

25 on the ground that Petitioner failed to exhaust his state court remedies as to all his claims before

26 filing the instant habeas petition.

27    This motion is based on this notice and motion, the supporting memorandum of points and

28 authorities, the pleadings, the records, and the files in this case.

Notice of Mot. & Mot. to Dismiss　　　　　　　　　　　　　　　　　　　*McCurdy v. Curry*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　CV07-05084 CW

## PRELIMINARY STATEMENT

This is a federal habeas corpus action brought by a California prisoner serving an indeterminate fifteen-year-to-life term for second-degree murder. Petitioner McCurdy alleges that the Board of Parole Hearings ("Board") violated his right to federal due process by relying on unchanging factors in determining that he is unsuitable for parole. (Pet at 5.) Petitioner also argues that this continued use of outdated evidence violates his liberty interest. (*Id.*)

However, Petitioner failed to exhaust his state court remedies as to all his claims that are now before this Court. Thus, Petitioner has deprived the state a full and fair opportunity to resolve all his federal constitutional claims. In addition, Petitioner fails to properly allege a violation under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Consequently, Respondent moves to dismiss the Petition.

## ARGUMENT

### I.

**PETITIONER DID NOT EXHAUST STATE COURT REMEDIES AS TO ALL HIS CLAIMS BEFORE FILING THIS FEDERAL HABEAS CORPUS PETITION; THUS, THE PETITION SHOULD BE DISMISSED.**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) states that a habeas corpus petition on behalf of a person in custody pursuant to the judgment of a state court cannot be granted unless the prisoner has exhausted the remedies available in the state courts. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999) (a state inmate must properly exhaust available state court remedies before a federal court may consider granting habeas corpus relief). Usually, the inmate must have fairly presented his claims "to the highest state court with jurisdiction to consider it" to exhaust available procedures, or demonstrate that no state remedies remain available. *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996); *see also Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) ("A petitioner must exhaust his state remedies by reaching the point where he has no state remedies available to him at the time he files his federal habeas petition"). In California, the California Supreme Court must be given at least one opportunity to review habeas claims. *Larche v. Simons*, 53 F.3d 1068, 1071 (9th Cir. 1995).

Moreover, not only must a petitioner present each of his claims to the state's highest court, "the state's highest court must have disposed of each claim on the merits." *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994). An inmate has not fairly presented his federal claims unless he has specifically raised each and every one of his federal issues in the state court proceedings. *See Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *amended by* 247 F.3d 904 (9th Cir. 2001). Comity interests between the federal and state systems allow the state an initial opportunity to determine and correct any violations of a prisoner's federal rights. *Picard v. Connor*, 404 U.S. 270, 275 (1971). Thus, if one or more claims in the federal petition have not been exhausted, the district court must dismiss the petition. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982); *see also Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (the district court must dismiss the petition if the petition contains unexhausted claims).

Here, Petitioner did not present to the California Supreme Court his claim that the Board violated his right to federal due process when it relied on unchanging factors as grounds of unsuitability. (*See* Pet. at 5; *compare to* Pet. Ex. "3" at 22-23.) Petitioner alleges that he presented this claim to the California Court of Appeal on page 2-A of his federal petition. (Pet. at 2-A.) When reviewing his petition for review to the California Supreme Court, however, it appears that Petitioner's sole due process claim is that the Board violated his plea agreement when it denied him parole and violated his constitutional rights by disregarding the amount of time he already served on his second-degree murder conviction. (Pet. Ex. "3" at 22-23.) Because Petitioner did not present his claim regarding the evidence the Board used to deny parole to the state's highest court, he did not properly exhaust his state court remedies. *Borg*, 24 F.3d at 24. Therefore, Petitioner must return to the California Supreme Court to allow the state the initial opportunity to determine and correct the alleged violations of his constitutional rights. *Picard*, 404 U.S. at 275; *Larche*, 53 F.3d at 1071.

In addition, Petitioner's second claim was also not properly exhausted at the state level. In his state petition, Petitioner argues that the Board violated his liberty interest in parole by failing to show that he "PRESENTLY presents a danger to society." (Pet. Ex. "3" at 24 [emphasis in original].) However, Petitioner does not show how these actions by the Board amount to a

1 violation of his liberty interest. Conclusory citations of federal constitutional provisions divorced from any articulated federal legal theory is insufficient to exhaust. *Castillo v. McFadden*, 399 F.3d 993, 1003 (9th Cir. 2005). Second, in his federal petition, Petitioner argues that the Board violated his liberty interest by relying on outdated information. (Pet. at 5.) Thus, he again alleges two separate claims: the state petition argues that the there is no evidence to show he is a current danger, whereas the federal petition argues that there may have been evidence that the Board relied on, but Petitioner deems this evidence unreliable. Accordingly, Petitioner fails to show that he has properly met the exhaustion requirement.

Federal courts impose a requirement of "total exhaustion" with respect to federal habeas petitions. *Rhines v. Weber*, 544 U.S. 269, 274 (2005). Thus, a federal court cannot review a "mixed" federal habeas corpus petition, which contains some claims that have been exhausted and some that have not. *Rose v. Lundy*, 455 U.S. 509 (1982). The proper remedy is to allow the petitioner to amend the petition to delete the unexhausted claims, or accept dismissal without prejudice to pursuing the unexhausted claims in state court. *Id.* at 510. Because both claims that Petitioner presents in his federal petition are unexhausted, the proper course is to dismiss the entire petition to allow him to properly exhaust his state court remedies.

## II.

## PETITIONER FAILS TO ALLEGE RELIEF UNDER AEDPA.

In addition, Petitioner fails to allege any basis for this Court to grant relief under AEDPA on either claim. Petitioner must show that the state court denials of his habeas petitions were contrary to, or involved an unreasonable application of, clearly established United States Supreme Court law, or that the denials were based on an unreasonable interpretation of facts in light of the evidence presented. 28 U.S.C. § 2254(d). Petitioner fails to cite any Supreme Court law indicating that a continued reliance on the commitment offense or the Board's use of historic information amounts to a due process violation. Thus, the Petition must be dismissed.

///

///

///

## CONCLUSION

Petitioner failed to exhaust state remedies as to all his claims as required under 28 U.S.C. § 2254(b)(1)(A). Petitioner also fails to allege any violation of AEDPA. Accordingly, the Court should dismiss this Petition.

Dated: March 21, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

ANYA M. BINSACCA
Supervising Deputy Attorney General

*/s/ Stacey D. Schesser*

STACEY D. SCHESSER
Deputy Attorney General
Attorneys for Respondent

40230820.wpd
SF2008400546

# DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **McCurdy v. Curry**

No.:  **CV07-05084 CW**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>March 21, 2008</u>, I served the attached

## NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Kenneth Donald McCurdy**
**C-76230**
**Correctional Training Facility**
**P.O. Box 689**
**Soledad, CA 93960-0689**
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on March 21, 2008, at San Francisco, California.

|  |  |
|---|---|
| L. Santos | *(signature)* |
| Declarant | Signature |

40231995.wpd