KENNETH DONALD McCURDY    IN PRO-PER
C-76230 ED-184-L
P.O.Box 689
Soledad, Ca.
    93960-0689

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| KENNETH DONALD MCCURDY<br><br>            Petitioner<br><br>   v.<br><br>BEN CURRY, WARDEN, et al.,<br><br>            Respondent | CV07-05084 CW<br><br>TRAVERSE TO MOTION<br><br>TO DISMISS<br><br>Judge: The Honorable<br><br>        Claudia Wilken |

The Petitioner Kenneth McCurdy, IN PRO-PER,

Petitions this honorable court to issue and maintain

the Writ previously filed by the petitioner in this

court, The Deputy Attorney General
        STACEY D. SCHESSER, State Bar # 245735
        455 Golden Gate Avenue, Suite 11000
        San Francisco, Ca.
            94102-7004

Has ask this court to take notice and dismiss under the

Governing Rules of Court pusuant to 28,U.S.C.§ 2254 and

Rule 4 of the Rules Governing § 2254:

1

1  The motion to dismiss was based on the failure of the
2  Petitioner's Writ to properly exhaust all state remedies
3  at the "Highest State Court' .....California Supreme
4  Court, And further states and cites the following case
5  law..............The Antiterrorism and Effective
6             Death Penalty Act of 1996 (AEDPA)
7             28 U.S.C. § 2254(b)(1)(A): O'Sullivan
8             v. Boerchel,526 U.S. 838.844 (1999)
9             Jonson v. Zenon, 88F.3d 828,829 (9th
10            Cir.1996)
11            Peterson v. Lampert 319 F.3d 1153,1156
12            (9th Cir. 2003)
13            Larche v. Simons,53 F.3d 1068,1071
14            (9th Cir. 1995)
15
16 In alleging that petitioner failed to allow the California
17 Supreme Court the ample opportunities to dimiss the
18 claims placed before the court that has been brought
19 forth in this honorable court, petitioner contends that
20 he has placed before the "Highest State Court all the
21 issues that is in this current writ for relief.
22 As to the claim that petitioner did not address the issue
23 of **THE ANTITERRORISM AND EFFECTIVE DEATH PENALTY**
24    **ACT OF 1996 (AEDPA).**
25 The petitioner did not address this issue as it is a
26 **EX POST FACTO** law and therefore does not pertain to the
27 current issues before this court at this time.
28 Petitioner contends that the Deputy Attorney General

has in fact misread the petitioner's writ of relief that was placed before the California Supreme Court and citing cases that is only a facade to cover the smoke and mirrors to confuse the issue as the petitioner has addressed all the current issues that are before this Honorable Court. Petitioner further contends that he has met all rules of court and that in fact this writ of relief was placed before the Court in this same context and that only the Face Sheet was changed to conform to Federal Court Rules.

All documents that are now before this court has been ruled on by all the State Courts, from the Superior Court in Kern County to California Supreme Court...............

MEMORANDUM OF POINTS AND AUTHORITIES

IN SUPPORT OF TRAVERSE:

**PETITIONER HAS A PROTECTED LIBERTY INTEREST IN PAROLE UNDER THE DUE PROCESS CLAUSES OF THE FEDERAL AND STATE CONSTITUTION**

A. Petitioner has a Liberty Interest in parole under the Due Process Clause of the United States Constitution.

B. Petitioner has a Liberty Interest in parole under the Due Process Clause of California Constitution.

**TABLE OF AUTHORITIES:**

**Cases:**

Auto Equity Sales, Inc. v. Superior Court (1962)...........
57 Cal.2d 450,455 states in fact; Accordingly, petitioner possesses a due process liberty interest in parole under

3

the California States Constitutions......................

The Due Process Clause of the **FOURTEENTH AMENDMENT** prohibits state action that deprives a person of Life, Liberty, or property without due process of law. (U.S. Const.,14th Amend.) A person alleging a due violation must first demonstrate that he or she was deprived of a liberty interest or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficent.

The Board's continued reliance on factors that petitioner cannot change in denying him a finding of Parole Suitability violated petetioner's state statutory rights,and state and federal constitutional rights of process.

> (The) Board's decision was not based on "Some Evidence" and did not reflect an individualized consideration of the record.The Board's decision must not stand,because by repeatedly relying on **immutable factors** and undisputed evidence in the record with its own unsubstantiated conjecture, the Board has converted petitioner's sentence of life with the possibility of parole into a de facto sentence of life without the possibility of parole. there is no support in the record for the Board's finding that Petitioner **currently** presents an **unreasonable** risk of danger to society, and in fact disregarded the professional Statment made by the CDC's Correctional Pyschologist, **M.Macomber,Ph.D.**

4

1  "The prognosis for successful adjustment in the community
2   is excellent."
3  The report was counter signed by Dr. B.Zika,Ph.D.
4                                      Senior Psychologist.
5  That report was wrote by Dr. Macomber,Ph.D. after an
6  extensive interview with the petitioner on **7/22/06**
7  and was typed for legal record on **7/25/06**.
8  Therby creating a violation of the petitioner's Due
9  Process, as outlined under the 14th Amendment of the
10 Constitution.
11 Futher Board's lack of finding the petitioner unsuitibale
12 for parole violated the petitioner's liberty interest
13 as cited in the following case law.
14 **Biggs v. Terhune,**(9th Cir.2003) 334 f.3d 910.............
15 **Board of Pardons v. Allen**(1987) 482 U.S. 369.............
16 **Early v. Packer** (2002) 537 U.S. 3......................
17 **In re Dannenberg** (2005) 34 Cal.4th 1061..................
18 **In re SCOTT** (2005) 133 Cal.App.4th 871...................
19 **Sass v. Board of Prison terms**(N.D.Cal.2005)376.Supp.2d 975
20 **Sass V. California Bd.Prison Terms**(9th Cir.2006)461F.3d 1123
21 **Irons v. Warden of California State Prison-SOLANO**
22 (E.D.Cal.2005)358F.Supp.2d 936............................
23 **McQuillion v. Duncan** (9th Cir.2002) 306 F.3d 895.........
24 **In re Deluna** (2005)126 Cal.App.4th 485...................
25 **In re Rosenkrantz**(2002) 29 Cal.4th 616...................
26 **Rosenkrantz v. Marshall** (C.D. Cal.2006) 444 F.Supp.2d.1063
27 **Terhune v. Superior Court** (1998) 65 Cal.App.4th 864......
28 **Williams v. Taylor** (2000) 529 U.S. 362..................

5

**Statutes and Regulations:**

28 U.S.C. §2254

Cal.Code Reg.Title 15,§2402

Cal.Code Reg. Title 15 §§ 2401

Cal.Const, art. 1, § 15

Cal.Const. art. 1 § 7

U.S.Const, 5th Amend.

U.S.Const.14th Amend.

In conclusion of all the above and before stated rules, regulations, the petitioner further states that he fills that this court is the only avenue he has left to obtain justice and that as a layman to the law that the honorable court take into consideration that the petitioner be not held to the strict standards that the Honorable Court holds Attorney's of the Board.
And to further clarefy the issue the Deputy Attorney General put forth as to the failure to address the AEDPA Under AEDPA,Federal courts cannot issue a writ of habeas corpus unless the state court's adjudication of the claim was"contraryto,or involved an unreasonable application of clearly established Federal law,as determined by the Supreme Court of the United States.
Under Sass 2 the Ninth Circuit stated,"Under AEDPA it is not our function to speculate of parole hearings or how they could proceed, however the court did find that, "Under AEDPA standard of review that California's parole statutes use mandatory language and, by doing so,create

a liberty interest in parole.

## THE BOARD'S DENIAL OF PAROLE SUITABILITY VIOLATED THE "SOME EVIDENCE " STANDARD. AND PETITIONER'S CONSTITUTIONAL RIGHTS OF DUE PROCESS UNDER THE STATE AND FEDERAL CONSTITUTIONS.

A. **THE "SOME EVIDENCE" Standard in Parole Suitability:**

As demonstrated, California's parole scheme creates a cognizable liberty interest in release on parole. This interest is protected by the procedural safegaurds of the Due Process Clause of the United States Constitution. (U.S.Const.,5th & 14th Amend.:**Biggs v.Terhune**,supra,334 F3d.at pp.914-915... Generally, federal due process is satisfied only at the Federal Court level.
The Boards decision in the present case violated both federal and state due process.

   [B]efore an inmate may recieve a parole date, the Board
   **must** find the inmate suitable for parole.(Pen.Code,§3041
Cal.Code Regs. Title 15,§§ 2401,2402.) As with the parole hearing generally the Board's parole finding must comply with constitutional due process.
In the present case the Board failed to satisfy the criteria for "some Evidence" therefore this court has jusisdiction to compel the States Attorney General to comply to a Show Cause Order why the petitioner should be held in custody when he has complied with the rules and has shown no compeling reason that he is a current threat to society. But further has had a outstanding parole plan put forth by his son.
As outlined in the support letters that have been and are

7

1  on file and part of the record of this writ.
2  In reviewing a Board's decision that an inmate is
3  unsuitable for parole,"the judicial branch is authorized
4  to review the factual basis of a decision of the Board
5  denying parole in order to ensure that the decision comports
6  with the requirements of due process of law." (In Re
7  Rosenkrantz,supra 29 Cal.4th at p.658.
8  Courts also must ensure that the evidence relied on by the
9  Board in meeting the"some evidence" standard is both
10 reliable and of a solid value. (Id,at pp.665:see Cal.Code
11 Regs.,Title 15 §§ 2402 subd.(b): see also In re Scott
12 (2005) 133 Cal.App.4th 573,591.)
13 It is not sufficient for the Board to derive findings from
14 a silent or misconstrued record or influenced by letters
15 introduced by the County District Attorney whereby his
16 oppion was read into the record and used as a basis for
17 the denial, The statement made was not a matter of legal
18 court proceedings of the original plea bargain, thereby
19 the District Attorney enhanced and biased the Board members
20 by making the statement that"He felt that this crime was
21 an execution style murder, and was used as is clearly
22 read in the exhibit of California Parole Hearings of
23 08-16-07, at line 18 of page 77 .
24 This is not new materialbeing introduced by the petitioner
25 but rather a matter of record introduced by the Parole
26 Board and was originally introduced by the petitioner
27 as a exhibit with this writ.
28 Based upon these facts the petitioner pleads with this

8

court to hold forth and issue an order compeling the attorney general to show cause why this petitioner should be refrained from his freedom any longer, and further hold that this writ proceeding is legally under the rule and findings of this court.
And that the petitioner has complied to the best of his ability as a layman of the law. And that this show cause order issued by this same court holding that petitioner has shown "good cause appearing."

## CONCLUSION

For the foregoing reasons, petitioner humbly requests that this court:

1. Declare that the Deputy Attorney General's request for a motion to dismiss be denied.
2. Declare that the Board's decision denying petitioner parole suitability was capricious, arbitary, and failed to meet the **"some ev idence'** standard.
3. Issue forwith a order that petitioner be released from custody.
4. Grant petitioner such other and further relief as may be deemed appropriate in the interest of justice, including discovery by petitioner and an evidentiary hearing on these issues.

Dated; March 27, 2008

Respectfully Submitted,

_____
Kenneth Donald McCurdy
In Pro-Per

9

**PROOF OF SERVICE BY MAIL**
**BY PERSON IN STATE CUSTODY**
(C.C.P. §§ 1013(A), 2015,5)

I, __Kenneth D. McCurdy__, declare:

I am over 18 years of age and I am party to this action. I am a resident of CORRECTIONAL TRAINING FACILITY prison, in the County of Monterrey, State of California. My prison address is:

    __Kenneth D. McCurdy__, CDCR #: __C-76230__
    CORRECTIONAL TRAINING FACILITY
    P.O. BOX 689, CELL #: __ED-184-L__
    SOLEDAD, CA 93960-0689.

On __March 27, 2008__, I served the attached:

    Traverse to CV07-05084 CW

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope (verified by prison staff), with postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named institution in which I am presently confined. The envelope was addressed as follows:

    OFFICE OF THE CLERK, U.S. DISTRICT COURT
    NORTHERN DISTRICT OF CALIFORNIA
    1301 CLAY ST. SUITE 400S
    OAKLAND CALIFORNIA
        94612-5212

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on __March 27, 2008__.

                _Kenneth D. McCurdy_
                Declarant