1  Kenneth Donald McCurdy          IN-PRO-PER
   C-76230   ED-184-L
2  P.O.Box 689
   Soledad,Ca.
3      93960-0689



FILED

APR 2 3 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                    OAKLAND DIVISION

11

12  _____]
                                        ]        Judge: The Honorable
13  KENNETH DONALD McCURDY,             ]              Claudia Wilken
                    Petitioner,         ]
14           v.                         ] CV-07-05084 CW
                                        ]
15  BEN CURRY,Warden,etal.              ] REPLY TO RESPONDENT'S
                    Respondent          ] ATTORNEY'S ON SECOND
16  _____] MOTION TO DISMISS

17

18  On April 9,2008, Respondent's attorney's filed with this

19  court an opposition to petitioner's traverse on grounds

20  that he again failed to provide this court with adaquate

21  pleadings and failure to cite any legal authority's when

22  challenging the respondend's use of [AEDPA] and cited the

23  misuse of **EX POST FACTO** law, Petitioner has stated to this

24  court that he is a layman of the law and as such does not

25  have at his disposal a computer to call up all the case

26  history or case law and must use what is availabe to him

27  through this facility's libaries at the Central Facility

28  and can only use that when Central Facility is not on First

                              1.

1  Watch Status,, Petitioner does not live with-in the Central

2  Facility but rather in a Dorm located outside the building

3  and must have a pass to enter the facility. The petitioner

4  must work 10 hours per day,four days per week to maintain his

5  position as a worker at P.I.A. Furniture Factory therefore

6  the petitioner is further restricted as to the use of any

7  legal material other than the limited issue that is available

8  with-in the East Dorm housing unit.

9  Petitioner contends that he has presented to the California

10 Supreme Court ALL issues that he ask this court to address

11 under the Federal Constitutional Amendments.

12 The Petitioner has brought forth the issue of Due Process

13 and Liberty Interest, The respondends attorney Stacey Schesser

14 has introduced the issue of Plea bargains in her respose

15 and further introduced issues that the petitioner did not

16 place before this court, therefore the pettioner now ask that

17 this court admit the plea bargain and all documents pertaining

18 to that plea bargain since the attorney opened the door so

19 to say in a layman's terms.

20 The petitioner further ask the court to order a motion of

21 discoverey for the records of the petitioner's plea agreement

22 made in chambers under the guidence of the Honorable Superior

23 Court Judge **W. STONE**, Kern County, State of Calornia,

24 Since the petitioner was advised that those tapes had been

25 distroyed,(because the petitioner failed to file an appeal

26 with-in five years). Since the plea was for 15 years to Life,

27 the petitioner had no reason to file as he was under the

28 impression that he would be released as the plea bargain

1    stating that his release would be between 10 and 12 years

2    therefore the petitioner had no reason to file an appeal.

3    It was and is the understanding of the petitioner that **ANY AND**

4    **ALL RECORDS PERTAINING TO THE ARREST, CONVITION, INCORCERATION**

5    **OR PAROLE,** MUST BE MAINTAINED UNTIL THE COMPLETION OF THE

6    SENTENCE. Since the tapes of the plea bargain was destroyed

7    the petioner has no recourse other than this courts action.

8    To address the issue of the attorney's contention of the

9    **[ADEPA]** and the petitioner's use and failure to cite legal

10   authorities the petitioner now enters the following :

11   **NULPH v. FAATZ,** 27 F3d 451 (9th Cir. 1994)

12   Penal Law that is applied retrospectiviety to the disadvantage

13   of the offender is unconstitutional EX POST FACTO.............

14   **US v. TAPIA,** 981 F2d 1194 (11th Cir. 1993)

15   "New Law may **ONLY** be applied to conduct occuring after date

16   of enactment."

17   Therefore the petitioner contends that the utterance of the

18   words EX POST FACTO has an automatic understanding and not

19   to be construed as an an error on the petitioner's failure to

20   cite, and therefore not a reason to dismiss.

21          As the attorney for the respondent did in fact open

22   a venue of the petitioner's plea agreement the petitioner now

23   brings before this court the following in support of:

24   **BAR MK RANCHES v. YEUTHER,** 994 F2d 735 (10th Cir.1993)

25   "Administrative agencies are required to follow thier own

26   regulations".

27   **CALDWELL v. MILLER,** 790 F2d 589 (7th Cir. 1986)

28   **PAYNE V. BLOCK,** 714 F2d. 1510 (11th Cir. 1984)

1    "An inmate has the right to expect prison officals to follow

2    it's policies and regulations".

3    **HALL v. LOMBARDI**, 996 F2d 954 (8th Cir.1993)

4    " When prison regulations contain language of mandatory

5    nature,(shall,will,must) they are interpreted as "Protectable

6    Liberty Interest".

7    **FOLEY COUNTY v. US**, 11 F3d 1032 (Fed Cir. 1993)

8    "Contract interpretation begins with plain langue of agreement".

9    **ESTELLE v. GAMBLE**,429 US 97 50 led 2d 251,97 Sct 285 1976

10   " Detention beyond the termination of the sentence constitutes

11   cruel and unuassal punishment when it results from deliberate

12   indifference in the liberty of the petitioner".

13   **US v. MYERS,** 32 F3d 411 (9th Cir. 1994)

14   Harmless error rule does not apply to law of contractual

15   Plea Agreemends.

16   The California rules governing parole in murder cases, for

17   which parole eligibility is provided by statute,are as follows

18   [P]arole eligibility is the rule,rather than the exception.

19   [P]arole is **"NORMALLY"** to be granted. The murder giving rise

20   to incarcertation must be "particularly egregious" for the

21   parole to be denied. Indeed, a murder must be "heinous,atrocious

22   or cruel",if,as here, the offence is to serve as the basis for

23   parole denial. In addition, in such cases, the prisoner must

24   **presently** present a danger to society, In this case petitioner

25   has presented the court with the documents as to the current

26   danger authered by Dr. MacComber,Phd. in his report to the

27   Parole Board.

28   The parole board failed to show that this crime of second (2nd)

4.

1  degree murder was more cruel or vicious than the ordinary

2  second degree murder,But rather the parole board must show

3  that petitioner shows a current risk to the public safety.

4  The record absolutely show no evidence that would meet the

5  criteria that the petitioner would pose any danger at all

6  to society.

7                              **CONCLUSION**

8  The petitioner now humbly ask this most honorable court to

9  extend the petitioner right to amend the writ of habaues

10  Corpus and encorporate the above to further the Show Cause

11  Order issued by this court.

12  Issue an order for:

13    1.  That this writ stand as ordered for show cause.

14    2.  That petitioner did in fact offer to the California

15        Supreme Court all documents .

16    3.  That the motion to dismiss under 28,USC §2254 and Rule

17        4,of the rules governing §2254. be dismissed and that

18        the original writ stand on it's merits.

19    4.  That this court except this instrument as an answer to

20        the A.G's reply of April 9,2008.

21        Respectfully Submitted:

22        Kenneth D. McCurdy    In PRO-Per

23

24

25

26        DATE: APRIL 15,2008

27

28

# PROOF OF SERVICE BY MAIL

## BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, _____Kenneth D. McCurdy_____, declare:

I am over 18 years of age and a party to this action. I am a resident of_____

_____California Training Facility_____Prison,

in the county of _____Monterey_____,

State of California. My prison address is: ___Kenneth McCurdy C-76230 ED-184-L__,

P.O.Box 689, Soledad,Ca. 93960-0689

On_____April 15,2008_____,
                            (DATE)

I served the attached: _____Reply to Respondent's attorney_____

_____
(DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage

thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional

institution in which I am presently confined. The envelope was addressed as follows:

Office of the Clerk
US District Court
Northern District of Ca.
1301 Clay Street Suite 400 S
Oakland,California     94612-5212

I declare under penalty of perjury under the laws of the United States of America that the foregoing

is true and correct.

Executed on _April 15, 2008_,     _Kenneth W. McCurdy_
            (DATE)                (DECLARANT'S SIGNATURE)

Civ-69 (Rev. 9/97)                          ::ODMA\PCDOCS\WORDPERFECT\22832\1