IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH DONALD MCCURDY,<br><br>    Petitioner,<br><br>  v.<br><br>BEN CURRY, et al.,<br><br>    Respondents.               / | No. C 07-05084 CW (PR)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |

    Petitioner has requested appointment of counsel in this action.

    The Sixth Amendment right to counsel does not apply in habeas corpus actions. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). Title 18 U.S.C. § 3006A(a)(2)(B), however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert, 791 F.2d at 728; Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984). The courts have made appointment of counsel the exception rather than the rule by

1  limiting it to: (1) capital cases; (2) cases that turn on
2  substantial and complex procedural, legal or mixed legal and
3  factual questions; (3) cases involving uneducated or mentally or
4  physically impaired petitioners; (4) cases likely to require the
5  assistance of experts either in framing or in trying the claims;
6  (5) cases in which petitioner is in no position to investigate
7  crucial facts; and (6) factually complex cases.  See generally 1 J.
8  Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure
9  § 12.3b at 383-86 (2d ed. 1994).  Appointment is mandatory only
10 when the circumstances of a particular case indicate that appointed
11 counsel is necessary to prevent due process violations.  See
12 Chaney, 801 F.2d at 1196; Eskridge v. Rhay, 345 F.2d 778, 782 (9th
13 Cir. 1965).
14      The Court finds that appointment of counsel is not warranted
15 in this case.  Petitioner's claims are typical claims that arise in
16 criminal appeals and are not especially complex.  This is not an
17 exceptional case that would warrant representation on federal
18 habeas review.  Therefore, Petitioner's motion for appointment of
19 counsel is DENIED.  This denial is without prejudice to the Court's
20 sua sponte reconsideration should the Court find an evidentiary
21 hearing necessary following consideration of the merits of
22 Petitioner's claims.
23      This Order terminates Docket no. 9.
24      IT IS SO ORDERED.

Dated: 4/30/08

_____
CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

KENNETH DONALD MCCURDY,

        Plaintiff,

v.

BEN CURRY et al,

        Defendant.

Case Number: CV07-05084 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 30, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kenneth Donald McCurdy C-76230
California Training Facility
P.O. Box 689
Soledad, CA 93960-0689

Stacey D Schesser
Department of Justice
455 Golden Gate Ave
Suite 11000
San Francisco, CA 94102

Dated: April 30, 2008

                              Richard W. Wieking, Clerk
                              By: Sheilah Cahill, Deputy Clerk