**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KENNETH DONALD MCCURDY,           )    No. C 07-05084 CW (PR)
                                  )
          Petitioner,             )    ORDER DENYING RESPONDENT'S MOTION TO
                                  )    DISMISS AND SETTING BRIEFING
     v.                           )    SCHEDULE
                                  )
BEN CURRY, et al.,                )    (Docket no. 6)
                                  )
          Respondent.             )
_____    )

INTRODUCTION

Petitioner Kenneth Donald McCurdy is a prisoner of the State of California who is incarcerated at the California Training Facility in Soledad.  He filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of the denial of his parole by the California Board of Parole Hearings.  Originally, Petitioner filed the petition in the United States District Court for the Central District of California.  In an Order dated July 26, 2007, the petition was transferred to this Court.

On March 21, 2008, Respondent filed a motion to dismiss the petition, alleging: (1) that Petitioner's claims were not properly exhausted at the state level, and (2) that his federal petition fails to allege any basis for relief under the Antiterrorism and Effective Death Penalty Act (AEDPA).  (Mot. to Dismiss at 3-4.)  On March 31, 2008, Petitioner filed an opposition.  On April 9, 2008, Respondent filed a reply.

For the reasons discussed below, the Court DENIES Respondent's motion to dismiss.

**United States District Court**
For the Northern District of California

BACKGROUND

On September 22, 1983, Petitioner was convicted of second-degree murder and was sentenced to fifteen years to life imprisonment.  (Pet. at 2.)  On September 7, 2006, Petitioner appeared before the California Board of Parole Hearings (Board) for a parole suitability hearing.  The Board found Petitioner unsuitable for parole.

Petitioner filed a state habeas petition in the Kern County Superior Court challenging the Board's decision, which was denied on March 20, 2007.  (Id. at 6.)  On April 6, 2007, Petitioner filed a state habeas petition in the California Court of Appeal, which was denied on April 12, 2007.  (Id. at 13.)  On April 20, 2007, Petitioner filed a petition for review in the California Supreme Court, which was denied on June 27, 2007.  (Id. at 15.)

Petitioner filed the present petition, alleging: (1) that the Board violated Petitioner's due process rights by using "unchanging factors" in making a determination regarding his unsuitability for parole, and (2) that the Board continued to use outdated information to deny parole and overlooked current reports submitted by Petitioner.  (Id. at 7.)

DISCUSSION

Respondent argues that Petitioner's claims were not presented to the California Supreme Court and therefore were not exhausted. In his opposition, Petitioner maintains that all of his federal claims have been presented before the state supreme court.

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies,

2

**United States District Court**
For the Northern District of California

either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982); Duckworth v. Serrano, 454 U.S. 1, 3 (1981); McNeeley v. Arave, 842 F.2d 230, 231 (9th Cir. 1988). The State's highest court must be given an opportunity to rule on the claims even if review is discretionary. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the state's established appellate review process").

The exhaustion requirement is not jurisdictional, but rather a matter of comity. See Granberry v. Greer, 481 U.S. 129, 133-34 (1987). However, a district court may not grant the writ unless state court remedies are exhausted or there are exceptional circumstances. See 28 U.S.C. § 2254(b)(1); Edelbacher v. Calderon, 160 F.3d 582, 585 (9th Cir. 1998) (requiring "extremely unusual circumstances").

The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the State "the initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971) (citations omitted). The exhaustion requirement is satisfied only if the federal claim (1) has been "fairly presented" to the state courts or (2) no state remedy remains available. Peterson v. Lampert, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc) (citations omitted). A claim is "fairly presented" only if the petitioner either referred to specific provisions of the federal constitution or

federal statutes, or cited federal or state case law analyzing the

federal issue.  See id. at 1158.  The specific factual basis of the

federal claim also must be presented to the highest state court.

Kelly v. Small, 315 F.3d 1063, 1067-69 (9th Cir. 2003), overruled

on other grounds by Robbins v. Carey, 481 F.3d 1143, 1148 (9th Cir.

2007).

     For purposes of exhaustion, pro se petitions in state court

may be read differently from counseled petitions.  Peterson, 319

F.3d at 1159 ("[T]he complete exhaustion rule is not to trap the

unwary pro se prisoner.") (citation omitted).  "When a document has

been written by counsel, a court should be able to attach ordinary

legal significance to the words used in that document."  Id. at

1158.  When it has been written by a pro se petitioner, a court may

need to be more flexible.  See, e.g., Sanders v. Ryder, 342 F.3d

991, 999 (9th Cir. 2003) (petitioner's pro se status in state court

was a factor in favor of finding exhaustion where prisoner claimed

ineffective assistance of counsel but failed to cite federal

constitution or federal case law in support of his claim).  Neither

confused arguments nor poor lawyering will necessarily defeat a pro

se petitioner's otherwise-adequate efforts to assert a federal

claim in state court.  Sandgathe v. Maass, 314 F.3d 371, 378 (9th

Cir. 2002) (holding that citation of inapposite federal cases did

not change fact that petitioner raised pertinent argument on

appeal; argument was deemed "fairly presented" because state courts

expressly addressed federal claim, directly or by implied adoption

of lower court ruling, even though petitioner did not expressly

assert federal grounds for relief).

4

Here, on his federal habeas petition form, Petitioner lists two grounds for relief: (1) a due process claim, and (2) a claim labeled "liberty interest." (Pet. at 7.) Under the supporting facts section of his federal due process claim, Petitioner alleges that the Board's use of unchanging factors to support a finding of his unsuitability for parole violated his due process rights. (Id.) Petitioner's second claim, labeled "liberty interest," is essentially an assertion that he has a liberty interest in parole. Although this is true, it is not a separate ground for relief that must be exhausted. Under the supporting facts section of his second claim, Petitioner complains of the Board's continued use of outdated information and its failure to consider the 2006 Mental Health Evaluation conducted by Soledad Correctional Training Facility Psychologists Dr. M. Macomber and Dr. B. Zika in its determination that he is unsuitable for parole. (Id.) The Court construes this allegation as part of his due process claim. See Peterson, 319 F.3d at 1159.

In his motion to dismiss, Respondent treats the federal petition as containing two claims: (1) that the Board violated Petitioner's federal due process rights "by relying on unchanging factors in determining that he is unsuitable for parole," and (2) that the "continued use of outdated evidence violates his liberty interest." (Mot. to Dismiss at 2.) Respondent argues that both claims are unexhausted because Petitioner's federal claims are different from the claims he presented in state court.

The petition for review filed in the state supreme court is attached to Petitioner's federal petition. (Pet'r Ex. 3.) The

United States District Court
For the Northern District of California

Court notes that page two, labeled "Jurisdiction and Questions Presented," is missing. (Pet. at 18.) However, attached to the petition for review is Petitioner's habeas petition filed in the state appellate court. (<u>Id.</u> at 20-26.) Similar to his federal petition, Petitioner listed the two grounds for relief in his state habeas petition as: (1) a due process claim, and (2) a claim labeled "liberty interest." (Pet. at 22-24.) Under the supporting facts section of his state due process claim, Petitioner stated, "See Attachments and Page #3 of Exhibit B." (<u>Id.</u> at 22.) The Court notes that these attachments include the 2006 Mental Health Evaluation mentioned above and the transcript of the Board hearing. (<u>Id.</u> at 27-95.) In the "supporting cases, rules, or other authority" section of his state due process claim, Petitioner argued that the Board violated his due process rights by failing to include the plea agreement as a factor in its determination of his suitability for parole. (<u>Id.</u> at 22-23.) Meanwhile, under the supporting facts section of his second claim, Petitioner asserted that he had a liberty interest in parole. (<u>Id.</u> at 24.) Within that same section, Petitioner quoted from the dissent in <u>Sass v. California Bd. of Prison Terms</u>, 461 F.3d 1123 (9th Cir. 2006):

> Circuit Judge Reinhardt, in dissenting [stated], "I am compelled to dissent from the majority's refusal to grant relief to a person whose continued incarceration 'runs contrary to the rehabilitative goals espoused by the prison system and could result in a due process violation.'"

(Pet. at 24.) In that section, Petitioner also argued that the Board "has failed to show and must show that he 'PRESENTLY' present[s] a danger to society." (<u>Id.</u>) He cited the 2006 Mental Health Evaluation in support of this assertion. (<u>Id.</u>) In the

"supporting cases, rules, or other authority" section of his second
claim, Petitioner cited federal cases analyzing issues similar to
the alleged due process violations in his federal petition,
including <u>Sass</u>, 461 F.3d at 1123, <u>McQuillion v. Duncan</u>, 306 F.3d
895 (9th Cir. 2002), and <u>Biggs v. Terhune</u>, 334 F.3d 910 (9th Cir.
2003).

Respondent argues that the first claim in Petitioner's state
petition was a state due process claim relating to his plea
agreement: "Petitioner's sole due process claim presented to the
state supreme court is that the Board violated his plea agreement
when it denied him parole and violated his constitutional rights by
disregarding the amount of time he already served on his second-
degree murder conviction." (Mot. to Dismiss at 3.)  Respondent
construes Petitioner's second claim as an alleged "liberty
interest" violation, stating: "Petitioner argues that the Board
violated his liberty interest in parole by failing to show that he
'PRESENTLY' present[s] a danger to society." (<u>Id.</u>)  In addition,
Respondent maintains that Petitioner's second claim includes an
argument that the Board relied on "no evidence" to show he is a
current danger to society. (<u>Id.</u> at 4.)

Respondent is correct that Petitioner's claim of a due process
violation relating to the plea agreement, which was presented at
the state level, is not included in the federal petition.  However,
Petitioner's allegations relating to the plea agreement were not
the sole basis for his state due process claim.  It is evident from
the attached state habeas petition that Petitioner presented
additional due process arguments under the second claim labeled

"liberty interest" in his state petition.  (Pet. at 24.)  The arguments in his second state claim do not comprise an independent substantive "liberty interest" claim, as Respondent has construed it.  Instead, Petitioner's second state claim is also a due process claim.  On every occasion where Petitioner discusses violations of his "liberty interest," he mentions violations of his due process rights.  (Id. at 5, 24.)  As previously mentioned, Petitioner cites cases relevant to due process violations under his second state claim.  (Id. at 24.)

Moreover, Respondent's argument that Petitioner alleged two separate claims of a "liberty interest" violation in his state and federal petitions is not well-taken.  Respondent maintains that "the state petition argues that there is no evidence to show that he is a current danger, whereas the federal petition argues that there may have been evidence that the Board relied on, but Petitioner deems this evidence unreliable."  (Mot. to Dismiss at 4.)  Nonetheless, both Petitioner's state and federal habeas petitions include claims of due process violations based on the lack of evidence to support the Board's determination that he is a current danger to society.  (Pet. at 7, 24.)  Petitioner alleges in both petitions that the Board should have considered the 2006 Mental Health Evaluation, which states, "The prognosis for successful adjustment in the community is excellent."  (Id. at 32.)

In sum, Petitioner did not include in his federal habeas petition the allegations from his state due process claim relating to the plea agreement, but instead he included due process violations stemming from the Board's denial of parole based on its

**United States District Court**
For the Northern District of California

(1) reliance on unchanging factors, and (2) continued use of outdated information.  These two claims of due process violations were presented in a slightly different way in his state and federal habeas petition.  While these two claims were subsumed within the second claim entitled "liberty interest" in the state petition, they have been divided and discussed as two separate claims in the federal petition.  The Board's reliance on unchanging factors is discussed under the first claim of the federal petition, while the Board's use of outdated information instead of the more current 2006 Mental Health Evaluation is discussed under the second claim. This difference in the organizational structure of Petitioner's state and federal petitions does not alter the fact that he "fairly presented" his federal due process claims in state court, particularly in light of his pro se status in state court.  See Peterson, 319 F.3d at 1159.  Therefore, the Court finds that Petitioner has fully exhausted his two federal due process claims at the state level.  Accordingly, the Court DENIES Respondent's motion to dismiss the federal petition as unexhausted.

Respondent also argues that Petitioner has not alleged any basis for relief under the AEDPA in his federal petition.

Under the AEDPA, a district court may grant a petition challenging the denial of parole on the basis of a claim reviewed on the merits in state court only if the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an

unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d).

Respondent claims that Petitioner's federal petition must be dismissed because it "fails to cite any Supreme Court law indicating that a continued reliance on the commitment offense or the Board's use of historic information amounts to a due process violation."  (Mot. to Dismiss at 4.)  However, this argument is unavailing because Petitioner cited Ninth Circuit case law, including Sass, McQuillion and Biggs, in support of his due process claim.  See Duhaime v. Ducharme, 200 F.3d 597, 600 (9th Cir. 2000) (circuit court decisions may be persuasive authority to determine whether a particular state court holding is an "unreasonable application" of Supreme Court precedent or to assess what law is "clearly established").  Therefore, the Court finds that Petitioner has sufficiently alleged a basis for relief under the AEDPA. Accordingly, the Court DENIES Respondent's motion to dismiss the federal petition on this ground.

CONCLUSION

1.   Respondent's motion to dismiss (docket no. 6) is DENIED.

2.   Respondent is ordered to file an answer and supporting documents within sixty (60) days from the date of this Order. Respondent shall file with an answer a copy of all state records that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

3.   If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within thirty (30) days of his receipt of the answer.

1   Should Petitioner fail to do so, the petition will be deemed

2   submitted and ready for decision <u>thirty (30) days</u> after the date

3   Petitioner is served with Respondent's answer.

4        4.    This Order terminates Docket no. 6.

5        IT IS SO ORDERED.

6   DATED:     3/10/09

7                                        CLAUDIA WILKEN
                                         United States District Judge

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

KENNETH DONALD MCCURDY,

        Plaintiff,

  v.

BEN CURRY et al,

        Defendant.

Case Number: CV07-05084 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 10, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kenneth Donald McCurdy C-76230
California Training Facility
YW-117-L
P.O. Box 689
Soledad,  CA 93960-0689

Dated: March 10, 2009

Richard W. Wieking, Clerk
By: Sheilah Cahill, Deputy Clerk

United States District Court
For the Northern District of California